McCALEB, Justice.
 

 The plaintiff, a labor union composed of workers engaged in the cleaning, dyeing and pressing of garments and other articles in the City of New Orleans, brought, this suit for an injunction against G. H. W. Cleaners and Dyers, Inc., to prevent it from violating a price-fixing covenant contained in a wage scale contract. The cause of action, alleged by plaintiff is based upon the following facts:
 

 The defendant operates a cleaning and pressing business in New Orleans and is a member, together with 182 other cleaning establishments, of an association named Cleaners and Dyers Club of New Orleans, Inc. On May 12, 1941, all of the members of this association entered into separate, but identical, contracts with the plaintiff labor union, which provided, among other things, for the payment of a related and graduated wage scale predicated upon certain fixed retail price levels which each member of the association agreed -to maintain for cleaning and pressing services rendered.
 

 The plaintiff charges that the defendant is violating the price-fixing covenant of the contract. No complaint is made that the wage level provisions have been disregarded, but it is alleged that, if the defendant is not enjoined from violating the retail price level, other members of the association will be compelled to reduce theii; prices in order to compete with the defendant; that, as a matter of fact, other members of the association have threatened to do so and that, as a result, the general wage scale agreed upon between plaintiff and all of the cleaning and pressing establishments will be seriously impaired.
 

 Upon the showing made by plaintiff in its petition, a temporary restraining order was issued by the District Court and the defendant was ordered to show cause why a preliminary injunction should not be granted. On the day fixed for the hearing, the defendant appeared and excepted to plaintiff’s petition and also filed an answer in which it admitted violating the price-fixing covenant, but contended that that stipulation of the contract is illegal and unenforcible, since it violates Article XIX, Section 14, of the Constitution of 1921, which prohibits all combinations, trusts or conspiracies in restraint of trade, commerce or business. The exception of no cause of action filed by it is founded upon the same contention.
 

 After a hearing, the District Judge sustained the defendant’s exception of no cause of action, recalled the temporary restraining order and dismissed the plaintiff’s suit. Wherefore, this appeal.
 

 The sole issue presented to us for determination is whether the price-fixing covenant contained in the contract is reprobated by Section 14 of Article XIX of the Constitution of 1921 and hence unenforcible. The constitutional prohibition, as amended by Act No. 318 of 1936, reads as follows:
 

 “It shall be unlawful for persons or corporations, or their legal representatives, to
 
 *88
 
 combine or conspire together, or to unite or pool their interests for the purpose of forcing up or down the price of any agricultural or manufactured product or article of necessity, for speculative purposes, and all combinations, trusts, or .conspiracies in restraint of trade, commerce or business, as well as all monopolies or combinations to monopolize trade, commerce or business, are hereby prohibited in the State of Louisiana, and it shall be the duty of the Attorney General, of his own motion, or any District Attorney of the State, when so directed by the Governor or the Attorney General, to enforce this provision, by the injunction or other legal proceedings, in the name of the State of Louisiana, and particularly by suits for the forfeiture of the charters of offending corporations, incorporated under the laws of the State of Louisiana, and for the ouster from the State of foreign corporations. Provided, however, that nothing herein contained shall prevent the Legislature from providing additional remedies for the enforcement of this Section.”
 

 It will be seen from the 'foregoing that, not only does the provision prohibit a combination or a conspiracy between persons or corporations to pool their interests for the purpose of forcing up or down the price of any agricultural or manufactured article or product for -speculative purposes, but that “all combinations, trusts, or conspiracies in restraint of trade, commerce or business” are likewise reprobated.
 

 The agreement sought to be enforced in the instant case falls squarely within the constitutional prohibition. It is clear that the underlying purpose of the covenant respecting price levels is to restrain the defendant and all other persons or corporations engaged in the cleaning and pressing business in the City of New Orleans (who have entered into similar contracts with the union) from charging for their services a price other than that fixed in the agreement. The effect of the covenant is to stifle competition to the detriment of the public.
 

 Counsel for the defendant nevertheless assert that the price-fixing level inserted in the contract is not violative of the Constitution for a number of reasons. We find it unnecessary to state or discuss all of the points raised by counsel because a consideration of their principal arguments is sufficient to dispose of the other contentions.
 

 It is maintained, first, that the price-fixing covenant sought to be enforced is not violative of Section 14 of Article XIX of the Constitution, as amended, for the reason that the constitutional provision is not self-operative and that it is, therefore, necessary for the Legislature to enact a prohibitory law to make the mandate effective.
 

 This proposition is not meritorious — for, assuming for purposes of discussion (without in any way conceding) that the constitutional prohibition is not self-operative, then the provision must be regarded as a statement by the people of the public policy of the State. Hence, it follows that, since the contract under consideration is inimical to public policy, it is void and unenforcible
 
 *90
 
 under Articles 1891, 1892, 1893, and 1895 of the Revised Civil Code.
 

 The conclusion above reached furnishes an answer to another contention made by the plaintiff which is — that the present trend of public policy is to permit price-fixing measures and that the Legislature of Louisiana, in recognition of the necessity for the establishment of level prices in certain industries to prevent unfair competition, has passed laws sanctioning contracts of this sort. Moreover, the legislative acts relied upon by the plaintiff are inapplicable to the cleaning and pressing business, and none of these, acts permit a combination between persons engaged in the same trade or business to fix and maintain prices which have the effect of stifling competition in the particular industry. The Unfair Sales Act, No. 338 of 1940, has for its purpose the suppression of unfair competition and is not a price-fixing statute; the Fair Trade Act, No. 13 of 1936, applies only to producers of branded or trade-mark articles and to vertical and not horizontal price-fixing; the Beauticians’ Act, No. 275 of 1940, and the Barbers’ Act, No. 48 of 1936, establishing minimum prices was enacted under the police power of the State for the purpose of maintaining sanitary conditions and do not authorize contracts between persons engaged in those trades to fix an absolute price on the sale 'of their .services.
 

 Counsel, however, contend that the •contract was entered into primarily for. the purpose of providing a fair wage scale for .the union and that the .price-fixing covenant contained therein is merely incidental to this object. If this be true, then the plaintiff is without a cause of action because it does not charge that the defendant is violating the wage scale stipulation of the agreement and it, therefore, has no interest in enforcing the price-fixing covenant. But, in order to avoid such a conclusion, counsel are compelled to predicate their cause of action upon another theory and the plaintiff has alleged that the price-fixing feature of the contract applies to all of the cleaning and pressing establishments in the City of New Orleans and that, if the defendant is permitted to violate the covenant, other establishments will be compelled to do likewise with the result that, ultimately, the wage scale set forth in the contracts will be seriously impaired. In founding its cause of action upon, this premise, it is manifest that the plaintiff is attempting to' enforce, as to all cleaning and pressing establishments, the price-fixing covenants of the contracts. This cannot be done in view of the prohibition contained in the Constitution. Certainly, the cleaning and pressing establishments could not enforce these agreements as between themselves and the union is not to be permitted by indirection to accomplish such a result.
 

 But counsel argue that it would be proper for the Court to enforce the price-fixing covenant at the instance of the union because the Supreme Court of the United States has declared in Apex Hosiery Company v. Leader, 310 U.S. 469, 60 S.Ct. 982, 998, 84 L.Ed. 1311, 128 A.L.R. 1044, that labor unions do not come within the pro
 
 *92
 
 hibitions contained in the Sherman AntiTrust Act, 15 U.S.C.A. §§ 1-7, 15 note.
 

 The authority relied upon does not. support the contention. The Supreme Court did not rule that a labor union has the right to force an employer to sell his goods at a fixed price. On the contrary, the Court simply held that it is the nature of the restraint that determines whether or not the Sherman Anti-Trust Act has been violated and it stated that “the restraint here * * * has not been shown to have any actual or intended effect on price or price competition” (which is certainly not true in the case at bar). Furthermore, the Court refused to maintain the contention that the Anti-Trust Act did not apply to labor unions and declared that the labor unions are subject to the provisions of the law when their activities result in an actual restraint of trade.
 

 The difficulty in the instant case is that, no matter what may have been intended by the plaintiff union and regardless of how pure its motive was, the effect of the price-fixing covenant is to nullify competition among persons engaged in the cleaning and pressing business. It is, therefore, a combination in restraint of trade.
 

 Plaintiff’s suit was properly dismissed by the District Judge on the exception of no cause of action.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., concurs in the result.